# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|
| | **ELECTRONICALLY FILED**<br>**3/21/2023 1:25 PM**<br>**Kern County Superior Court**<br>**By Gricelda Evans, Deputy** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMIE TREVINO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Metropolitan Division Justice Building, 1215 Truxtun Ave, Bakersfield, CA 93301

CASE NUMBER:
*(Número del Caso):* **BCV-23-100813**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ELYASHAR LAW FIRM, Henry A. Elyashar (SBN 296074), 9663 Santa Monica Blvd, Suite 1052, Beverly Hills, CA 90210, 818-5842617

DATE: ~~March 13, 2023~~ 3/21/23 ge   TAMARAH HARBER-PICKENS   Clerk, by _Gricelda Evans_, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Amazon.com Services LLC, a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ELECTRONICALLY FILED
3/16/2023 4:07 PM
Kern County Superior Court
By Vanessa Castro, Deputy

**ELYASHAR LAW FIRM**
Henry A, Elyashar (296074)
henry@elyasharlaw.com
9663 Santa Monica Boulevard, Suite 1052
Beverly Hills, California 90210
Telephone: (818) 584-2617

Counsel for Plaintiff JAMIE TREVINO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF KERN

| | |
|---|---|
| JAMIE TREVINO,<br><br>　　　　Plaintiff,<br>　　v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO.: BCV-23-100813<br><br>**COMPLAINT FOR:**<br><br>(1) MILITARY STATUS DISCRIMINATION IN VIOLATION OF FEHA [Gov't Code § 12940(a)];<br><br>(2) MILITARY DISCRIMINATION [Military & Veterans Code § 394 et. seq.];<br><br>(3) FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION [Gov't Code § 12940(k)];<br><br>(4) RETALIATION;<br><br>(5) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br><br>**DEMAND FOR JURY TRIAL**<br>[Amount in Controversy Exceeds $25,000] |

COMES NOW Plaintiff JAMIE TREVINO ("Mr. Trevino" or "Plaintiff"), as and for his Complaint, who complains and alleges as follows:

## PARTIES

1. Plaintiff is and was, at all times relevant hereto, an individual residing in the State of California.

---

COMPLAINT

2. Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, sorting and packing for an AMAZON fulfillment center. Plaintiff is informed and believes that Plaintiff worked for Defendants from approximately November 2020 through approximately March of 2022. Plaintiff is a male entitled to protection under California Department Fair Employment and Housing Act under Government Code section 12900, *et seq.* (hereinafter "FEHA") and California common law.

3. Plaintiff is informed and believes and based thereon alleges that Defendant AMAZON.COM SERVICES LLC ("AMAZON" or "Defendant") is, and at all times relevant hereto was, a Delaware limited liability company and existing under and by virtue of the laws of the State of Delaware and doing business in the County of Kern, State of California with a principal address of 410 Terry Avenue North, Seattle, WA 98109 and conducts business in the State of California at the address of 1601 Petro Road, Bakersfield, California 93308. Plaintiff is informed and believes, and based thereon alleges that AMAZON operates as the world's largest online marketplace. Plaintiff is further informed and believes, and based thereon alleges that AMAZON regularly employs five or more employees and falls within the requirements of FEHA.

4. The true names and capacities, whether individual, corporate or associate, or otherwise, of the Defendant's name herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.

5. Plaintiff is informed and believes, and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other Defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

6. Plaintiff is further informed and believes, and based thereon alleges that all of the acts and conduct described herein of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the Defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include AMAZON and DOES 1 through 20, inclusive.

## FACTS MATERIAL TO ALL CLAIMS

7. From approximately November of 2020 until March of 2022, Mr. Trevino worked as a Warehouse Associate for Defendant AMAZON.

8. Plaintiff was a diligent and hard-working employee who regularly received positive feedback from his coworkers.

9. Plaintiff had no history of write-ups.

10. On March 18, 2022 AMAZON received and approved Plaintiff's request for military leave.

11. On March 29, 2022, AMAZON sent Plaintiff an involuntary termination letter, informing Plaintiff he was terminated.

12. Since Plaintiff did not have access to email during this time period, Plaintiff did not see the message until many months later when his military training concluded.

13. On June 9, 2022, AMAZON acknowledged receiving Plaintiff's request for review of his termination.

14. Plaintiff attempted to follow up in person.

15. Plaintiff attempted a follow up email on September 6, 2022, to which AMAZON responded with non-answers related to his employment status.

## JURISDICTION AND VENUE

16. Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendants and obtained a Notice of Right to Sue on or around March 9, 2023.

17. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

18. Venue is proper in the County of Kern, California pursuant to Code of Civil Procedure sections 392, *et seq.* and Government Code section 12965, subdivision (b) because, among other things, Los Angeles County is the county in which the performance of the employment contract between Plaintiff and Defendants, or part of that performance, was due and/or occurred, and the county in which the records relevant to the practices are maintained.

19. The amount of damages sought by Plaintiff herein exceeds the minimum jurisdictional limit of this Court: $25,000.00.

## FIRST CAUSE OF ACTION

**(Military Status Discrimination in Violation of FEHA Against Defendants)**

20. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

21. Pursuant to the Fair Employment and Housing Act, and Government Code Section 12940(a) it is unlawful "For an employer, because of... military and veteran status... of any person... to discriminate against the person in compensation or in terms, conditions, or privileges of employment" Government Code § 12940(a) and § 12926(k) further state that it is unlawful to discriminate against an employee because of their military status.

22. Plaintiff alleges that during his employment with Defendants, he notified AMAZON of his pending military leave stemming from his required training for the Army

National Guard. Defendants retaliated against Plaintiff because he is a member of the armed forces or perceived as a veteran by supervisors, officers, shareholders, and/or managing agents.

23. AMAZON'S veteran discrimination as described in this Complaint violates the Fair Employment and Housing Act ("FEHA") as promulgated in Government Code Section 12926 et seq. and other state statutes, including the California Constitution which prohibits discrimination in employment.

24. Defendants knew of the discriminatory work environment and conduct against Plaintiff but did nothing to prevent, stop, or remedy the harassment and discrimination.

25. As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

    a. loss of salary and other valuable employment benefits;

    b. prejudgment interest and interest in the sum of damages at the legal rate; and

    c. other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress in the amount of at least $500,000.00 caused by conduct of Defendants.

26. In addition, Plaintiff is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

27. Because the discriminatory acts against Plaintiff were carried out, authorized, or ratified by Defendants' directors, shareholders, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by actions described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants, in order to deter them from such and similar conduct in the future. Defendants' willful violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

### SECOND CAUSE OF ACTION

**(Military Status Discrimination in Violation of Military and Veterans Code § 394 et. seq.**

Against Defendants)

28. Plaintiff realleges and incorporates by reference all the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

29. The actions of Defendant, as described in this Complaint, constitute military discrimination. Beginning in January 2022, Plaintiff enlisted in the United States Army National Guard.

30. At all times alleged herein Plaintiff was an employee of Defendant, otherwise qualified to perform the duties to which he was assigned.

31. The military discrimination by Defendant denied Plaintiff the opportunity to work in an environment without discriminatory treatment on the basis of his military service when he required time off to meet his military obligations.

32. The discrimination impeded Plaintiff's progress and the enjoyment of his employment with AMAZON. The discriminatory work environment existed on a continuing and ongoing basis from the moment Plaintiff notified his employer of his requests for compensation time in connection with his military service leaves, as non-military personal were at liberty to use this time at their leisure for personal time off. The discriminatory work environment intensified when Plaintiff complained of this discrimination to AMAZON.

33. Defendant knew or should have known of the discriminatory work environment and conduct against Plaintiff because of previous instances of similar discrimination by the same managing agents, yet Defendant did nothing to prevent, stop, or correct the ongoing discrimination.

34. Defendant's military discrimination as described in this Complaint violates Military and Veterans Code § 394 et seq.

35. As a direct and proximate result of Defendant's discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

    a. loss of salary and other valuable employment benefits;

    b. prejudgment interest and interest in the sum of damages at the legal rate;

   and

  c. other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress in the amount of at least $500,000.00 caused by conduct of Defendants.

36. Because the wrongful acts against Plaintiff were carried out, authorized or ratified by Defendant's directors, supervisors, shareholders, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by actions described earlier in this Complaint, Plaintiff seeks punitive damages against Defendant, in order to deter them from such and similar conduct in the future. Defendant's willful violation of Military and Veterans Code § 394 is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

## THIRD CAUSE OF ACTION

**(Failure To Take All Reasonable Steps To Prevent Discrimination In Violation Of The California Fair Employment And Housing Act Gov't Code § 12940(k) – Against Defendants)**

37. Plaintiff realleges and incorporates by reference all the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

38. Defendants are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"). Bussanich, was a managing agent, officer, and/or supervisor at AMAZON at the time Plaintiff complained to him regarding military discrimination.

39. Defendants failed to take all reasonable steps to prevent discrimination and retaliation before and/or after Plaintiff gave notice of discrimination retaliation. This failure is in violation of the California Fair Employment and Housing Act.

40. As a direct and proximate result of Defendant's discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

  a. loss of salary and other valuable employment benefits;

  b. prejudgment interest and interest in the sum of damages at the legal rate; and

   c. other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of Defendants.

41. In addition, Plaintiff is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

42. Further, because the failure to take all reasonable steps to prevent discrimination, and harassment, and/or retaliation, was an omission committed by Defendants, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to Plaintiff by failing to act, Plaintiff seeks punitive damages against Defendants in order to deter them from such conduct and allowing such conduct in the future. Defendants' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

## FOURTH CAUSE OF ACTION

**(Retaliation In Violation Of The Fair Employment And Housing Act ("FEHA")**

**Gov't Code § 12940(h)– Against Defendants)**

43. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

44. Defendants are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"). Bussanich, was a managing agent, officer, and/or supervisor at AMAZON at the time Plaintiff complained to him regarding discrimination and/or when Plaintiff exercised his right to military leave.

45. Defendants retaliated against Plaintiff because Plaintiff's assertion of his legal right to oppose what he believed was military discrimination. This retaliation is in violation of the California Fair Employment and Housing Act.

46. Defendants retaliated against Plaintiff by terminating his employment.

47. As a direct and proximate result of Defendant's discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court,

8
COMPLAINT

the exact amount to be proven at trial. Such damages include:

    a. loss of salary and other valuable employment benefits;

    b. prejudgment interest and interest in the sum of damages at the legal rate; and

    c. other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of Defendants.

48. In addition, Plaintiff is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

49. Further, because the retaliatory acts were committed by Defendants, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression, or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to Plaintiff, Plaintiff seeks punitive damages against Defendants in order to deter them from such conduct and allowing such conduct in the future. Defendants' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

## FIFTH CAUSE OF ACTION

**(Wrongful Termination In Violation Of Public Policy – Against Defendants)**

50. Plaintiff realleges each and every allegation set forth in paragraphs of this Complaint as though fully set forth hereat.

51. Defendants terminated Plaintiff on the basis of his membership in the armed forces of the United States, and/or for reporting and opposing discrimination against himself.

52. Defendants' termination of Plaintiff's employment violates the Fair Employment and Housing Act as set forth in Government Code § 12940 et seq. which mandates that employees be free from harassment and discrimination based on military or veterans' status in the workplace.

53. As a direct and proximate result of Defendant's discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

   a. loss of salary and other valuable employment benefits;

   b. prejudgment interest and interest in the sum of damages at the legal rate; and

   c. other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress in the amount of at least $500,000.00 caused by conduct of Defendants.

54. Further, because the harassing and discriminatory acts were committed by Defendants, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression, or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to Plaintiff, seeks punitive damages against Defendants in order to deter them from such conduct in the future. Defendants' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

### JURY TRIAL

55. Plaintiff prays for a trial by jury.

### PRAYER

Wherefore, Plaintiff prays for Judgment against Defendants as follows:

A. For all actual, consequential and incidental financial losses, including but not limited to loss of earnings and employment benefits, together with prejudgment interest, according to proof;

B. For all compensatory and general damages in an amount according to proof;

C. For all unpaid wages and penalties;

D. For reasonable attorney's fees according to statute;

E. For punitive damages;

F. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

G. For costs of suit incurred herein; and

H. For such other and further relief as the Court deems just and proper.

Dated: March 13, 2023

ELYASHAR LAW FIRM

BY: _____
Henry A. Elyashar
Attorneys for Plaintiff Jamie Trevino

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Henry A. Elyashar (296074) <br> 9663 Santa Monica Boulevard, Suite 1052 <br> Beverly Hills, California 90210 <br> TELEPHONE NO.: (818) 584-2617   FAX NO.: <br> ATTORNEY FOR (Name): JAMIE TREVINO | FOR COURT USE ONLY <br> ELECTRONICALLY FILED <br> 3/16/2023 4:07 PM <br> Kern County Superior Court <br> By Vanessa Castro, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern <br> STREET ADDRESS: ~~1415 Truxtun Ave,~~ Bakersfield, CA 93301 <br> MAILING ADDRESS: 1215 TRUXTON AVE <br> CITY AND ZIP CODE: Bakersfield 93301 <br> BRANCH NAME: Metropolitan Division | |
| CASE NAME: <br> TREVINO V. AMAZON | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BCV-23-100813 |
|---|---|---|
| ☑ Unlimited  ☐ Limited <br> (Amount  (Amount <br> demanded  demanded is <br> exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 3/13/2023

Henry A. Elyashar
(TYPE OR PRINT NAME)                                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET



Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages: May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR
Mediation: A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

Arbitration: The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

**Local Court ADR Programs**
The Superior Court, County of Kern offers two types of ADR: Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:** The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less. The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed. See Local Rule 3.14 at https://www.kern.courts.ca.gov/system/files/local_rules_of_court.pdf

**Dispute Resolution Program Act (DRPA):** The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters. The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services. For more information about BBB Mediation Services go to https://www.bbb.org/local-bbb/bbb-serving-central-california-and-inland-empire-counties.

**ADR Coordinator:**
Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7. If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

**Resources:**
**California Department of Consumer Affairs:** https://www.dca.ca.gov/consumers/mediation_guides.shtml
**Judicial Branch California Courts – ADR:** www.courts.ca.gov/selfhelp-adr.htm
**ADR Stipulation Form:** https://www.kern.courts.ca.gov/system/files/adr_stipulation_and_order_form.pdf